UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

75 RETAIL ENTERPRISES, INC., a Florida
Corporation d/b/a X-MART ADULT
SUPERCENTER, and EVGUENI
SOULAGUINE,

                Plaintiffs,

-vs-                                                                     Case No.  5:05-cv-129-Oc-10GRJ

BRAD KING, in his official capacity as State
Attorney in and for the Fifth Judicial Circuit,
Florida, and BILL FARMER, in his official
capacity as Sheriff of Sumter County,
Florida,

                Defendants.
_____/

**O R D E R**

      This case is before the Court for consideration of The Plaintiffs' Motion to Permit Voluntary Dismissal of Complaint (Doc. 36), to which Defendant Bill Farmer has responded (Doc. 38).  The motion recites that since the filing of this action, neither the State Attorney nor the Sheriff have engaged in further action directed at the Plaintiffs and there have been no further arrests at the X-Mart Adult Supercenter.[1]  Further, the Plaintiffs do not anticipate

---

[1] On March 31, 2006, after the Plaintiffs' motion for voluntary dismissal was filed, 75 Retail Enterprises, Inc. filed suit against William O. Farmer, Jr., in his official capacity as Sheriff of Sumter County, Florida. See 75 Retail Enterprises, Inc. v. Farmer, Case No. 5:06-cv-116-Oc-10GRJ (M.D. Fla. 2006). The most recent action involving 75 Retail Enterprises concerns matters which are distinct from the instant action. Specifically, the most recent action involves 75 Retail Enterprises' alleged violation of Florida Statute § 847.202, which prohibits the sale of movies without an official motion picture movie rating or "Not Rated" marking, whereas the

(continued...)

the need to pursue the claims of improper law enforcement action premised upon the past actions of the Defendants. Accordingly, the Plaintiffs request that this action be conditionally dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2). Specifically, the Plaintiffs propose that as a condition of the dismissal, they only be allowed to file future actions against the Defendants if the Defendants take any improper prosecution or law enforcement action after the date upon which this motion was filed, or January 19, 2006. The Plaintiffs state that they "would reserve the right to introduce evidence of past behavior of the Defendants in any such new action, but the new cause of action would have to state a claim based on new events."

In response, Defendant Bill Farmer argues that this action should not be dismissed because the Plaintiffs' dismissal is conditioned upon a requirement that the Court determine the potential admissibility of evidence in matters not yet before the Court. Defendant Farmer also argues that this suit should not be dismissed because the Plaintiffs have not moved to dismiss this case in a timely manner and because the Plaintiffs' factual allegations in support of dismissal are inaccurate.[2]

---

[1](...continued)
instant action involves the alleged bad faith prosecution of Evgueni Soulaguine for the sale of an obscene DVD in violation of Florida Statute § § 847.011(1)(a) and 847.001(10) and the constitutionality of Florida obscenity statutes.

[2] In particular, Defendant Farmer claims that the underlying prosecution is still pending, therefore the Defendants have taken action against the Plaintiffs since the filing of this action. In addition, Defendant Farmer claims that there have been additional arrests at X-Mart since this lawsuit was instituted.

Pursuant to Federal Rule of Civil Procedure 41(a)(1), an action may be dismissed by the Plaintiffs without order of the Court by filing a notice of dismissal at any time before the Defendants file an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by both parties.  Since the Defendants filed an answer to the Plaintiffs' complaint (Docs. 24, 31) and no stipulation of dismissal has been filed, according to Federal Rule of Civil Procedure 41(a)(2), this case may only be dismissed by order of the Court.

In Pontenberg v. Boston Scientific Corporation,[3] the Eleventh Circuit set forth the standard for dismissing a case pursuant to Federal Rule of Civil Procedure 41(a)(2).  In so doing, the Eleventh Circuit held:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir.1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." Id. at 856-57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.[4]

In applying the standard set forth in Pontenberg, the Court concludes that the Plaintiffs' motion for voluntary dismissal is due to be granted.  Defendant Farmer has not

---

[3]   252 F.3d 1253 (11th Cir. 2001).

[4]   Id. at 1255-1256.

shown that he will suffer clear legal prejudice by the dismissal of this suit, and any prejudice Defendant Farmer may suffer is eradicated due to the fact that the Plaintiff has agreed to dismiss this claim and not bring any future claim for improper prosecution or improper law enforcement action based solely upon actions taken by the Defendants prior to January 19, 2006.  In addition, the Plaintiffs should not be required to prosecute - - and the resources of the Court should not be expended to resolve - - claims which the Plaintiffs wish to abandon.  Accordingly, upon due consideration, it is ordered that:

(1) the Plaintiffs' Motion to Permit Voluntary Dismissal of Complaint (Doc. 36) is GRANTED;

(2) the Plaintiff shall not bring any subsequent claim against the Defendants for improper prosecution or improper law enforcement action solely based upon actions taken by the Defendants prior to January 19, 2006;[5] and

(3) the Clerk is directed to enter judgment dismissing this case, terminate any pending motions, and close the file in this matter.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 7th day of June, 2006.

Copies to:   Counsel of Record
             Maurya McSheehy

UNITED STATES DISTRICT JUDGE

---

[5] It is not appropriate for the Court to make any ruling at this time with respect to whether evidence of past actions by the Defendants would be admissible in any future litigation involving these parties.